UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: _____

| | |
|---|---|
| JESSEN VEGA, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) ) |
| ZUDY SUPERMARKET INCORPORATED d/b/a Food Town Meat Market and JOSE TEJADA, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff JESSEN VEGA (the "Plaintiff") and other similarly situated individuals sue defendants ZUDY SUPERMARKET INCORPORATED d/b/a Food Town Meat Market and JOSE TEJADA (collectively, the "Defendants") and allege:

**I.      JURISDICTION**

1.      This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2.      This is also an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

Article III of the United States Constitution. Plaintiff's state law claims share common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.      VENUE

4.      ZUDY SUPERMARKET INCORPORATED d/b/a Food Town Meat Market (the "Corporate Defendant") is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Hillsborough County, Florida.

5.      The Plaintiff is a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

6.      Corporate Defendant and JOSE TEJADA (the "Individual Defendant"), are a Florida company and a Florida resident, respectively, having their main place of business in Hillsborough County, Florida, where Plaintiff worked for the Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Hillsborough County, Florida.

7.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Hillsborough County, Florida.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Hillsborough County, Florida.

### III.        GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.      At all times material, the Plaintiff was employed by the Defendants as a butcher from May of 2021 through his wrongful termination on or about August 10, 2022.

10.     Corporate Defendant is a meat market with at least three stores in the middle district of Florida area.

11.     The Plaintiff performed his duties as a butcher in a satisfactory manner and was never written up by the Defendant.

12.     When Plaintiff worked for the Defendants as a butcher, he worked six to seven days per week and, on average, he worked 10 hours per day. Plaintiff estimates having worked for the Defendants approximately 60-70 hours per week on average.

13.     Subject to discovery, Defendants paid Plaintiff $9.16 per hour or less and they did not pay Plaintiff time and one half for hours Plaintiff worked in excess of 40 per week. In other words, Defendants did not pay overtime wages to Plaintiff, and it is possible that they also failed to pay the required minimum wage ($10 per hour since September 2021) to Plaintiff. Once the parties are allowed to conduct discovery, Plaintiff will know for sure how much per hour he was paid by the Defendants and whether he was paid all of his minimum wages.

14.     Plaintiff suffered work-related accidents that caused him injuries at work on or about December 22, 2021, and on July 31, 2022. Plaintiff timely reported these accidents/injuries and requested medical attention. When the Corporate Defendant learned that Plaintiff had hired lawyers to help him in his worker's compensation case, Defendants terminated Plaintiff's employment.

15.     All conditions precedent to bringing this action have occurred, been performed or been excused.

16.     The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANT) – FLSA

17.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 above as if set out in full herein.

18.     The Plaintiff is a covered employee for purposes of the Act.

19.     This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

21.     At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state

lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

22.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

23.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

24.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a meat market and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a butcher for the Corporate Defendant's business.

25.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a butcher performing the same or similar duties as that of those other similarly situated butchers whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

26.     The Plaintiff worked for the Corporate Defendant from approximately May 3, 2021, to August 10, 2022. In total, the Plaintiff worked approximately 66 compensable weeks under the Act, or 66 compensable weeks if counted 3 years back from the filing of the instant action.

27.     Subject to discovery, Corporate Defendant paid the Plaintiff on average approximately $9.16 per hour.

28.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

29.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

30.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

a.   Actual Damages: $8,082.00

May 2021 to September 2021

Calculation: $9.16 (hourly pay) x .5 (overtime rate) x 25 (approximate number of overtime hours) x 16 (compensable weeks) = $1,832.00.00

October 2021 to August 10, 2022

Calculation: $10 (hourly pay) x .5 (overtime rate) x 25 (approximate number of overtime hours) x 50 (compensable weeks) = $6,250.00

Total : $8,082.00

b.   Liquidated Damages: $8,082.00

c.   Total Damages: $16,164.00 plus reasonable attorneys' fees and costs of suit.

31.    At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

32.    The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

33.    The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

34.    The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID OVERTIME (INDIVIDUAL DEFENDANT) – FLSA

35.      The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 above as if set out in full herein.

36.      The Plaintiff is a covered employee for purposes of the Act.

37.      This count is against the Individual Defendant only.

38.      This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

39.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

40.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

41.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

42.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant.

43.     The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a meat market and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a butcher for the Corporate Defendant's business.

44.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of  60-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a performing the same or similar duties as that of those other similarly situated s whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

45.     The Plaintiff worked for the Corporate Defendant from approximately May 3, 2021, to August 10, 2022. In total, the Plaintiff worked approximately 66 compensable weeks under the Act, or 66 compensable weeks if we counted 3 years back from the filing of the instant action.

46.     Subject to discovery, Corporate Defendant paid the Plaintiff on average approximately $9.16 per hour or less.

47.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

48.     The Plaintiff seeks to recover from the Individual Defendant unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

49.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is: $16,164.00 plus reasonable attorneys' fees and costs of suit.

50.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

**SAENADERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

51.     The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

52.     At the times mentioned, the Individual Defendant was, and is now, the owner and/or principal officer of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated.

53.     The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his work schedule, and is jointly liable for the Plaintiff's damages.

54.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

55.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

56.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## COUNT  III  : UNPAID MINIMUM WAGES (CORPORATE DEFENDANT) – FLSA

57.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 19 above as if set out in full herein.

58.     The Plaintiff is a covered employee for purposes of the Act.

59.     The Act is interpreted in accordance with the Fair Labor Standards Act (the "FLSA") and federal regulations and case law implementing the FLSA.

60.     This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

61.     Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal

minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

62.    The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

63.    In Florida, as of September 30, 2021, the Florida minimum wage has been $10.00 per hour.

64.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

65.    The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

66.    Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

67.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's and therefore the Act's requirements. Fla. Stat. § 448.110(3).

68.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies. The Corporate Defendant is a meat market and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. The Plaintiff was employed by the Corporate Defendant as a butcher for the Corporate Defendant's business.

69.     While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the mandatory minimum wage in Florida.

70.     The Plaintiff worked for the Corporate Defendant from approximately May 3, 2021, to August 10, 2022. In total, the Plaintiff worked approximately 66 compensable weeks under the Act, or 66 compensable weeks if we counted 5 years back from the filing of the instant action. Fla. Stat. § 95.11(2)(d).

71.     The Corporate Defendant paid the Plaintiff on average approximately $9.16 per hour.

72.     However, the Corporate Defendant did not pay the Plaintiff his full minimum wage for all hours the Plaintiff worked for the Corporate Defendant.

73.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 5 (five) years back from the date of the filing of this Complaint.

74.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid minimum wages is as follows:

    a.   Actual Damages: $1,747.29

        May 2021 to September 2021

        Calculation: $9.16 (hourly pay) - $10.00 minimum wage = .84 per hour (owed wages) x 65 (approximate number of hours) x 16 (compensable weeks) = $873.60

        Total : $873.60

    b.   Liquidated Damages: $1,747.29

    c.   Total Damages: $1,747.29 plus reasonable attorneys' fees and costs of suit.

75.     At all times material hereto, the Corporate Defendant failed to comply with the Act in that the Plaintiff performed services and worked for the Corporate Defendant but no provision was made by the Corporate Defendant to properly pay the Plaintiff at the prevailing minimum wage.

76.     The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above, and the Plaintiff is entitled to recover double damages.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                  Facsimile: 888.270.5549

77.     The Corporate Defendant willfully and intentionally refused to pay the Plaintiff all of his full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

78.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## COUNT  IV  : UNPAID MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FLSA

79.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 19 above as if set out in full herein.

80.     The Plaintiff is a covered employee for purposes of the Act.

81.     This count is against the Individual Defendant only.

82.     The Act is interpreted in accordance with the Fair Labor Standards Act (the "FLSA") and federal regulations and case law implementing the FLSA.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

83.     This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

84.     Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

85.     The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

86.     In Florida, as of September 30, 2021, the Florida minimum wage has been $10.00 per hour.

87.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

88.     The Defendants are and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions

going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

89.     Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

90.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's and therefore the Act's requirements. Fla. Stat. § 448.110(3).

91.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies. The Corporate Defendant is a meat market and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. The Plaintiff was employed by the Corporate Defendant as a butcher for the Corporate Defendant's business.

92.     While employed by the Defendants, the Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the mandatory minimum wage in Florida.

93.     The Plaintiff worked for the Defendants from approximately May 3, 2021, to August 10, 2022. In total, the Plaintiff worked approximately 66 compensable weeks under the Act, or 66 compensable weeks if we counted 5 years back from the filing of the instant action. Fla. Stat. § 95.11(2)(d).

94.     The Defendant paid the Plaintiff on average approximately $9.16 per hour.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

95.     However, the Defendants did not pay the Plaintiff his full minimum wage for all hours the Plaintiff worked for the Defendants.

96.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 5 (five) years back from the date of the filing of this Complaint.

97.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid minimum wages is as follows:

    a.   Actual Damages: $1,747.29

        May 2021 to September 2021

        Calculation: $9.16 (hourly pay) - $10.00 minimum wage = .84 per hour (owed wages) x 65 (approximate number of hours) x 16 (compensable weeks) = $873.60

        Total : $873.60

    b.   Liquidated Damages: $1,747.29

    c.   Total Damages: $1,747.29 plus reasonable attorneys' fees and costs of suit.

98.     At all times material hereto, the Individual Defendant failed to comply with the Act in that the Plaintiff performed services and worked for the Individual Defendant, but no provision was made by the Individual Defendant to properly pay the Plaintiff at the prevailing minimum wage.

99.     The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing the Plaintiff these

minimum wages since the commencement of the Plaintiff's employment with the Individual Defendant as set forth above, and the Plaintiff is entitled to recover double damages.

100.    The Individual Defendant willfully and intentionally refused to pay the Plaintiff all of his full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Individual Defendant as set forth above.

101.    At the times mentioned, the Individual Defendant was, and is now, the owner and/or principal officer of the Corporate Defendant. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his work schedule, and is jointly liable for the Plaintiff's damages.

102.    The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

103.    The Individual Defendant willfully and intentionally caused the Plaintiff not to receive all of his minimum wages as required by the laws of the State of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with Defendants as set forth above.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800              Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

104.    The Plaintiff has retained the law offices of the undersigned attorney to represent

him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable

Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Individual
    Defendant on the basis of the Defendants' willful violations of Fla. Stat. § 448.110 and
    the Florida Constitution; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum
    wages; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.


## COUNT V: RETALIATION (TERMINATION) – Fla. Stat. § 440.205
## (CORPORATE DEFENDANT ONLY)

105.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1

– 19 above as if set out in full herein.

106.    At all times relevant, the Plaintiff was employed by the Corporate Defendant as a

butcher.

107.    On or about December 22, 2021, and July 31, 2022, the Plaintiff suffered work-

related injuries as a result of accidents that happened at work.

108.    The injuries alleged above required medical treatment.

109.    After the work-related accidents as described above, the Plaintiff reported his

injuries to the Corporate Defendant and requested medical treatment.

110.    Later, Plaintiff hired worker's compensation lawyers to file claims for worker's compensation benefits on his behalf.

111.    On or about August 10, 2022, as soon as Corporate Defendant learned that Plaintiff had hired worker's compensation lawyers to help him claim worker's compensation benefits against Corporate Defendant, the Corporate Defendant terminated Plaintiff's employment.

112.    The Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

113.    Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

114.    The Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of the Plaintiff's employment was that the Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

115.    A motivating factor which caused the Plaintiff's discharge as described above was the Plaintiff's lawyers' request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been fired but for his claiming worker's compensation benefits through his lawyers as described above.

116.    The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

117.    By reason of Defendant's wrongful discharge of the Plaintiff, the Plaintiff has been damaged in that the Plaintiff has suffered lost wages and emotional distress.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

118.     The Defendant's conduct in wrongfully discharging the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: September 7, 2022.

Respectfully submitted,

**By:   /s/Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*