UNITED STATES DISTRICT COURT
MIDDLE  DISTRICT OF FLORIDA
TAMPA  DIVISION
Case No.: 8:22-cv-02062-TPB-MRM

JESSEN VEGA,                                              )
                                                                       )
                  Plaintiff(s),                              )
                                                                       )
v.                                                                    )
                                                                       )
ZUDY SUPERMARKET INC. D/B/A                 )
FOOD TOWN MEAT MARKET, *et*                 )
*al.*,                                                             )
                                                                       )
                  Defendant(s).                            )
                                                                       )
                                                                       )
                                                                       )

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JESSEN VEGA ("Plaintiff"), and Defendants, ZUDY SUPERMARKET INC. D/B/A FOOD TOWN MEAT MARKET and ("Defendants") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice.  The Settlement Agreement between Plaintiff and Defendants is attached as **Exhibit "A".**

## I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees.  First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his/her former employer, which was adversarial in nature.

The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.[1]

---

[1] The Settlement Agreement attached to this Motion was executed by Defendants, however, because Plaintiff continues to be in the custody of the state Plaintiff's counsel has yet to receive the signed copy by Plaintiff. Plaintiff confirmed that he placed the signed Settlement Agreement in the facility mail on Tuesday May 30, 2023, but as of the date of the filing of this Motion Plaintiff's counsel has not received it. Pursuant to Plaintiff's retainer with Saenz & Anderson and as confirmed verbally with Plaintiff, Plaintiff has authorized Plaintiff's counsel to execute the Settlement Agreement on his behalf. See pertinent language in Plaintiff's retainer that authorizes Plaintiff's counsel to execute the Settlement Agreement.

23. Power of Attorney to Execute Documents. The Client hereby grants the Firm a Power of Attorney to endorse checks and to execute all documents connected with the cause of action, including pleadings, settlement agreements, releases, notices, verifications,

6

Doc ID: 32a84de805a1104db4d00b83a39573ba5afa

dismissals, orders, deposit slips, and all other documents that the Client may otherwise properly execute.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and wrongful termination and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, jurisdiction, enterprise coverage, and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II.      Terms of Settlement

This case involved, a claim for unpaid minimum wages and wrongful retaliatory termination. The Plaintiff worked for Defendants which, at all times, employed the Plaintiff. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issue of enterprise coverage, the Parties agree that they would incur great expense litigating these issues. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant and his challenges

with being in the custody of the state, the Parties agree that $8,750.00 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $8,750.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

   a. $1,500.00 as payment for alleged unpaid overtime wages to Plaintiff;

   b. $1,500.00 as liquidated damages to Plaintiff;

   c. $1,418.00 for Plaintiff's retaliation claim and general release;

   d. $3,500.00 payable to Plaintiff's counsel as attorney's fees (A copy of Plaintiff's billing records is attached hereto as **Exhibit "B"**);

   e. $832.00 payable to Plaintiff's counsel for costs related to this action as agreed with Plaintiff.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. *See, Koch v. Wyhdham Worldwide Operations, Inc.,* 2014 WL 12779653 at *3 (M.D. Fla. Sept. 16, 2014) (finding attorney's fees to be fair and reasonable when they were negotiated independently and seriatim from the employee's overtime claim). *See also*, *Bonetti v. Embarq Management Co.,* 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009)(where plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff,

then, unless the settlement does not appear reasonable on its face or there is reason to

believe that the plaintiff's recovery was adversely affected by the amount of fees paid

to his attorney, the Court will approve the settlement without separately considering

the reasonableness of the fee to be paid to plaintiff's counsel.)

Counsel for Plaintiff further stipulates that the amount recovered in attorney's

fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the

attorney's fees and costs incurred on the Plaintiff's behalf.  The Parties further state

that there was no undue influence, overreaching, collusion or intimidation in reaching

the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their

settlement during negotiations.  All Parties were counseled and represented by their

respective attorneys throughout the litigation and settlement process.

As indicated above, there is a strong presumption in favor of finding a

settlement fair. *See, Arnold v. Eisman & Russo, Inc.,* 2020 WL 4740518 at *4-5

(M.D. Fla. May 1, 2020).

As evidenced by the terms in the release, the Parties have settled Plaintiff's

unpaid wage claim. In addition to settling the unpaid wage claim, the Defendant is

also providing additional consideration to the Plaintiff in exchange for settlement of

his wrongful discharge claims and for a general release. A number of cases have

approved    settlement    agreements    when    the    employee    received    additional

consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim. *See, Caamal v. Shelter Mortgage Co., LLC*, 2013 WL 5421955 at *4 (M.D. Fl. 2013)(Inclusion of general release and non-disparagement provision in settlement agreement did not render settlement of the FLSA claim unreasonable because the employee received additional monetary payment as consideration for those provisions); *See also, Rappaport v. Embar Management Co.*, 2008 WL 4642593 at *2 (M.D. Fla. 2008)(approving settlement where the employee received separate monetary compensation for signing a general release).

In this case, the Parties jointly submit that there has been sufficient communications, negotiations, and an exchange of information to allow counsel for the Plaintiff and the Defendant to properly evaluate the Parties' claims and defenses and to advise their clients accordingly. Moreover, the Parties' counsel are experienced in litigating FLSA and wrongful discharge claims and believe that the terms set forth in the Release are a "fair and reasonable resolution" of Plaintiff's claims and in the best interests of both parties.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice. In the alternative, if the Court cannot approve the terms of the Settlement Agreement without the Settlement Agreement being signed by Plaintiff, the Parties request the Court

either provide additional time for Plaintiff's signed Settlement Agreement to be

received and submitted to the Court; or pursuant to Plaintiff's retainer with Saenz &

Anderson, and verbal confirmation from Plaintiff, that the Court allow Plaintiff's

counsel to submit the Settlement Agreement executed by Plaintiff's counsel.


Respectfully submitted,

| | |
|---|---|
| **/s/ Warren D. Astbury** | **s/Julisse Jimenez** |
| Warren D. Astbury (FBN: 78056 ) | Julisse Jiménez (FBN:  65387) |
| Primary email: wastbury@caklegal.com | E-mail: julisse@saenzanderson.com |
| CANTRELL ASTBURY KRANZ, P.A. | SAENZ & ANDERSON, PLLC |
| 401 East Jackson Street, Suite 2340 | 20900 NE 30th Avenue, Ste. 800 |
| Tampa, Florida 33602 | Aventura, Florida  33180 |
| Telephone: 877.858.6868 Facsimile: | Telephone: (305) 503-5131 |
| 813.867.0116 | Facsimile: (888) 270-5549 |
| Counsel for Defendants | *Counsel for Plaintiff(s)* |